UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD WAYNE ARNOLD,

      Petitioner,

v.                                                Case No. 1:13-CV-156

STATE OF MICHIGAN,                    HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 5, 2013, Magistrate Judge Carmody issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period expired on January 19, 2010, and Petitioner's collateral motion filed on August 1, 2012 did not revive the limitations period. (R&R at 6.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because he alleged no facts or circumstances in his petition that would warrant equitable tolling. (*Id.* at 7.)

Petitioner has filed an Objection to the R & R, in which he requests that the Court apply equitable tolling to his habeas petition.

After conducting a *de novo* review of the R & R and Petitioner's Objection, the Court concludes that the R & R should be adopted.

Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman*

*Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

Here, Petitioner contends that he diligently pursued his rights by presenting his claims to the state court. He argues that he is entitled to equitable tolling because he was ignorant of the filing requirement. The Sixth Circuit has held, however, that ignorance of the law alone does not warrant equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Moreover, the circumstances Petitioner identifies—"[g]etting reestablished, waiting to be put on law library call-outs, waiting for my property to catch up with me, and waiting for my account to catch up with me," (Pet'r's Objection at 1)—are ordinary incidents of prison life rather than "extraordinary circumstances" beyond Petitioner's control warranting the application of equitable tolling. Accordingly, the Court declines to apply equitable tolling in this case.

Petitioner has also filed a Motion to Request Withdrawal (dkt. # 15), in which Petitioner requests that the Court dismiss his petition without prejudice to allow him to exhaust new issues in state court. The Court will deny the motion because the new claims Petitioner seeks to assert, like the claims he has asserted in his instant petition, are barred by the one-year statute of limitations.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 9, 2013 (dkt. # 11) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (dkt. # 14) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Withdraw (dkt. # 15) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is DENIED.

This case is **concluded**.

Dated: August 14, 2013                         /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE